# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PARCHAY YOSHIDA MCTILLMAN,

Defendant-Appellant.

UNPUBLISHED
July 14, 2015

No. 321167
Saginaw Circuit Court
LC No. 13-039307-FH

Before: O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Parchay Yoshida McTillman, appeals by right his jury convictions of possession of firearm by a felon, MCL 750.224f, carrying a concealed weapon, MCL 750.227, resisting or obstructing a police officer, MCL 750.81d(1), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced McTillman to serve two years in prison for the felony-firearm conviction, to be served before and consecutive to concurrent sentences of three to 15 years in prison for each of the remaining convictions. The trial court later reduced the latter three minimum sentences from 36 to 30 months. Because we conclude there were no errors warranting relief, we affirm.

Testimony established that late at night police officers saw a man—which the evidence showed was McTillman—riding a bicycle without any sort of lights or reflectors. The officers decided to investigate and drove up alongside him and ordered him to stop. McTillman got off the bike and fled. The officers chased McTillman through backyards and residential lots and briefly lost sight of him, but eventually found him hiding next to a fence. According to the officers, McTillman removed most of his outer clothing, and also discarded a bag they had seen him carrying before he fled. Officers found the belongings scattered around the backyard and fence line. Inside the bag, officers found a pistol, drug paraphernalia, and a Bridge card issued to McTillman's son.

At trial, the prosecution introduced some of the clothing that had been found along with the bag and its contents. The officers, however, did not recover the bicycle and had not tested some of the items for DNA or fingerprints by the time of trial.

McTillman first argues that had the articles of clothing, the pistol, and the bicycle been properly preserved and tested, there is a reasonable probability that the outcome of the proceedings would have been different. He asserts that the government violated his due process

-1-

rights by failing to investigate, analyze, or disclose certain physical evidence, which he characterizes as the suppression of exculpatory evidence in violation of *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

McTillman's lawyer did not raise this issue before the trial court. As such, our review is for plain error that affected McTillman's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

A criminal defendant has a due process right to obtain exculpatory evidence possessed by the prosecutor if it would raise a reasonable doubt about the defendant's guilt. *People v Stanaway*, 446 Mich 643, 666; 521 NW2d 557 (1994), citing *Brady*, 373 US at 87. In order to establish a *Brady* violation, a defendant must establish that the prosecution has suppressed evidence that is favorable to the accused, and, when viewed in its totality, is material. *People v Chenault*, 495 Mich 142, 155; 845 NW2d 731 (2014). The government, however, does not have a duty under due process to seek and find exculpatory evidence; it also has no obligation to test evidence in a particular way. *People v Coy*, 258 Mich App 1, 21; 669 NW2d 831 (2003). There is "a clear distinction between the failure to disclose evidence and the failure to develop evidence." *Id*. at 22.

Here, McTillman has not offered any basis beyond speculation that the prosecution suppressed material evidence. Even if the prosecution did fail to disclose evidence that had been developed, McTillman has not shown how any such evidence, including the bicycle, shoes, or bag, would have been favorable to his defense had it been produced. See *Chenault*, 495 Mich at 155. Accordingly, McTillman has failed to demonstrate plain error warranting relief. *Carines*, 460 Mich at 763.

Next, McTillman argues that there was insufficient evidence to support his convictions. He argues that the evidence did not link him to the bicycle, the bag with the pistol, or the clothing found scattered in the area—that is, he challenges his identification as the man who was riding the bicycle and fled the officers. This Court reviews de novo a claim of insufficient evidence. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). We view the evidence in the light most favorable to the prosecution to determine if the factfinder could conclude that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

Identity is an essential element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). As with any element, circumstantial evidence and the reasonable inferences that arise from it may constitute satisfactory proof of identity. *People v Fisher*, 193 Mich App 284, 289; 483 NW2d 452 (1992). It is for the jury, not the courts, to determine what inferences may be fairly drawn from the evidence, and the weight to be accorded those inferences. *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

Although McTillman did not have the pistol when the officers arrested him, there was evidence from which a reasonable jury could conclude that he had it in his possession just before his arrest. The officers' testimony established that the man who was riding the bike had a bag when he fled. The officers found the black bag along the path of the man's flight, along with other discarded items, which permitted an inference that the man who fled deliberately discarded

the bag. The officers also discovered McTillman hiding in the vicinity of the man's flight at around the same time. They further discovered the pistol in the bag along with a Bridge card belonging to McTillman's son. McTillman's son testified that he had given his father the card before the incident. The totality of this evidence permitted an inference that McTillman was the man who was riding the bike, had the bag with the gun, and fled the officers.

There were no errors warranting relief.

Affirmed.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Michael J. Kelly